IMG-194                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3287
_____

OSCAR YANCARLOS RODRIGUEZ-TEVEZ,
                                                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-529-702)
Immigration Judge: Honorable Miriam Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010
Before:  SCIRICA, SMITH and WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion Filed : May 14, 2010)
_____

OPINION
_____

PER CURIAM.

        Oscar Yancarlos Rodriguez-Tevez ("Rodriguez-Tevez") petitions for

review of a decision rendered by the Board of Immigration Appeals ("BIA") on July 10,

1

2009. For the reasons that follow, we will deny the petition for review.

Rodriguez-Tevez, a native and citizen of El Salvador, entered the United States in February 2006, when he was nineteen years old. He was charged as being removable for entering this country without being admitted or paroled. See Immigration and Nationality Act ("INA") § 212(a)(6)(A)(I). He applied for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"), based on his membership in a social group of El Salvadoran male students who resisted gang recruitment and on his political belief that gang violence was wrong.

On January 11, 2008, the IJ issued an oral decision, concluding that Rodriguez-Tevez was not credible and that he failed to provide adequate explanation for the lack of reasonably available corroborating evidence. Alternatively, the IJ determined that Rodriguez-Tevez was not persecuted on account of one of the five protected grounds under the INA and that, in any event, he could have avoided the gangs by relocating to his father's house, where he had stayed over a school break without incident.

The Board of Immigration Appeals ("BIA") dismissed the appeal. Assuming Rodriguez-Tevez's credibility, the BIA held that he failed to show persecution on account of a statutorily protected ground. The BIA also concluded that, even if Rodriguez-Tevez could show past persecution on account of a statutorily protected ground, the Government successfully rebutted the presumption of a well-founded fear of

2

future persecution with evidence that Rodriguez-Tevez could relocate to his father's place in El Salvador where he would be safe from gang recruitment and harassment. Having determined that Rodriguez-Tevez failed to meet his burden of demonstrating eligibility for asylum, the BIA concluded that he failed to meet the higher standard of proof required for withholding of removal. The Board also denied CAT relief. The BIA rejected Rodriguez-Tevez's defective transcript claim and summarily denied his other due process claims.[1] This timely petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We review constitutional questions and legal conclusions de novo, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), and we uphold factual determinations if they are supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). Ultimately, for Rodriguez-Tevez to succeed on his petition for review, this Court "must find that the evidence not only supports that conclusion [that the application should have been granted], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

To obtain asylum, an individual must demonstrate that he is a "refugee"

---

[1] Because Rodriguez-Tevez did not challenge the BIA's denial of his due process claims in his opening brief, these claims are waived. "An issue is waived unless a party raises it in its opening brief, and for those purposes, a passing reference to an issue ... will not suffice to bring that issue before this court." Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (citation and quotation omitted).

3

within the meaning of the INA. To do so requires a showing that he is unwilling or unable to return to his home country because of ". . . persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Here, Rodriguez-Tevez claimed membership in a particular social group targeted for persecution in El Salvador: "young El Salvadoran male students who have refused to join gangs." The BIA held that Rodriguez-Tevez's proposed social group did not constitute a particular social group under INA § 208(b)(1)(B)(I) because it lacked the requisite social visibility within El Salvadoran society and because Rodriguez-Tevez possessed no characteristic that would cause the El Salvadoran society, or gangs in particular, to recognize him as a member of the proposed social group. In Matter of S-E-G-, 24 I. & N. Dec. 579, 588 (BIA 2008), the BIA held that a proposed group of "young El Salvadorans who have been subject to recruitment efforts by criminal gangs, but who have refused to join for personal, religious, or moral reasons," did not qualify as a particular social group" for asylum purposes because the group lacked a shared characteristic with the social visibility required under its precedent. The BIA noted that gang-related violence was widespread in El Salvador, and that it affected every segment of the population. Id.

Rodriguez-Tevez argues that the BIA erroneously relied on Matter of S-E-G- in concluding that he failed to show persecution based on his membership in a particular social group. He argues that Matter of S-E-G- is distinguishable because his

4

group of male El Salvadoran students, in particular, is less diffuse than the proposed group in Matter of S-E-G-.

We need not decide whether the Board erred in ruling that Rodriguez-Tevez's proposed social group failed to qualify as a "particular social group" under the INA, however, because the BIA based its denial of asylum on two other grounds, either one of which is sufficient alone to support the BIA's denial of asylum relief. First, the Board determined that Rodriguez-Tevez failed to show that the harm he suffered from gang members was connected to his membership in the social group of young El Salvadoran male students who refuse to join gangs, noting the IJ's finding that gang members targeted Rodriguez-Tevez primarily because they were jealous of him, not "on account of" a statutorily protected ground. Second, the BIA ruled that, assuming Rodriguez-Tevez established past persecution on account of a statutorily protected ground, the Government successfully rebutted the presumption of a well-founded fear of future harm by demonstrating that Rodriguez-Tevez could safely relocate within El Salvador.

Although Rodriguez-Tevez challenged the Board's decision based on the lack of membership in a cognizable social group under the INA in his opening brief, he did not raise any issue with respect to the Board's decision that he failed to demonstrate that his alleged past persecution by gangs was "on account of" his membership in the group of young El Salvadoran male students who refuse to join gangs. In making this

5

ruling, the BIA focused on Rodriguez-Tevez's failure to establish the requisite nexus between the harm he suffered and his membership in the particular social group. Rodriguez-Tevez does not dispute this ruling in his opening brief, and thus, he has waived any challenge to the Board's decision on the matter. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

The Government contends that Rodriguez-Tevez also waived any challenge he may have to the BIA's decision on relocation because he failed to address it in his opening brief.[2] Rodriguez-Tevez counters that he did raise the issue in his opening brief, but he cites no particular part of the brief where such arguments are located and we can find no comment or contention regarding the Board's relocation decision anywhere in the opening brief.[3] Thus, any claim of error with respect to the BIA's relocation decision is not properly before this Court. Rodriguez-Tevez's failure to contest the BIA's rulings on

---

[2] The Government also argues that we lack jurisdiction to consider the BIA's decision on relocation because the issue was not exhausted in the BIA. (Gov't Br. at 16.) A petitioner has exhausted his administrative remedies if he raises all issues before the BIA. Although the exhaustion principle is not applied "in a draconian fashion," "[o]ut of respect for the administrative process, we will not require the BIA to guess which issues have been presented and which have not." Lin v. Attorney Gen., 543 F.3d 114, 120-21 (3d Cir. 2008). Even if a petitioner does not present a claim, this Court may still have jurisdiction to consider it, if the BIA sua sponte addressed the issue on its merits. Id. at 122-23. Here, the BIA sua sponte considered the relocation issue even though Rodriguez-Tevez did not raise it, and thus, we have jurisdiction to review it.

[3] Instead, Rodriguez-Tevez devoted the majority of his reply brief to discussing the relocation issue in the context of a due process violation, a claim that he has waived, as we noted previously in this Opinion.

relocation and on his failure to demonstrate that his past persecution was on account of his membership in the proposed social group renders the Board's decision on these matters final. Laborers' Int'l Union, 26 F.3d at 398.

Next, Rodriguez-Tevez argues that the IJ and the Board denied CAT relief based on the wrong legal standard for determining "acquiescence" on the part of the government. He claims that the IJ (and the Board) erroneously relied on the definition of "acquiescence" adopted in Matter of S-V-, 22 I. & N. Dec. 1306, 1312 (BIA 2000) (holding that "acquiescence" required proof that the government willfully accepted the torturous activity or consented to it). We have held that the Board's definition in Matter of S-V- is "the wrong legal standard to apply." Silva-Rengifo v. Attorney Gen., 473 F.3d 58, 70 (3d Cir. 2007). Rodriguez-Tevez contends that a remand is necessary for the Board's determination of his CAT claim under the correct legal standard. We disagree. To the extent that the IJ erred in applying the wrong legal standard for "acquiescence," the Board corrected it by citing the proper legal standard, 8 C.F.R. § 1208.18(a)(1), in its opinion.

Accordingly, we will deny the petition for review.

7